IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                                No. CR 16-2917 JAP

Vs.

YUSEF CASANOVA,

    Defendant.

### DEFENDANT'S OPPOSED MOTION TO DISCLOSE THE CONFIDENTIAL INFORMANT

COMES NOW the Defendant Yusef Casanova (by and through his counsel of record Assistant Federal Public Defender Brian A. Pori), and pursuant to the Fifth and Sixth Amendments of the United States Constitution, respectfully requests that this Honorable Court enter an Order directing the Government to disclose the identity of the confidential informant in this case, and to disclose all relevant *Brady* information, including any impeachment material and other information concerning the confidential informant's background, inducements and credibility. In support of this Opposed Motion, counsel for Mr. Cassanova states:

1. Defendant Yusef Casanova has been charged in an Indictment, returned on June 30, 2016, with being a felon in possession of a firearm (in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)) and with possession of

methamphetamine with the intent to distribute it (in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)[C]).

    2.    The arrest in this case arose out of a four-month, multi agency investigation which targeted drug addicts in Albuquerque, New Mexico by inducing them to commit crimes through a variety of promised rewards.  The investigation began in mid April 2016 when officers from the Bureau of Alcohol, Tobacco and Firearms who were stationed in Phoenix, Arizona performed an "Enhanced Enforcement Initiative."

    3.    Mr. Cassanova was targeted by the ATF only after a confidential informant approached an individual named "Cash" (true name Joseph Mosley) at a gas station on Zuni Street in Albuquerque and asked Cash if Cash knew anyone who could sell him two ounces of methamphetamine.  After Mr. Mosley tried to introduce the confidential informant to an individual named Curtis, he ultimately introduced the confidential informant to Mr. Cassanova.

    4.    On June 6, 2016, the confidential informant telephoned Mr. Casanova and offered him the opportunity to make more $600 if he would introduce the informant to a methamphetamine supplier.  Later that day Mr. Casanova introduced the confidential informant to a white male named John who sold the confidential informant methamphetamine.  Following this sale Mr. Cassanova was arrested but John (the white male source of supply) was not.

5. The confidential informant was not only a percipient witness to the sale of methamphetamine in this case he also was involved in numerous taped telephone calls with Mr. Casanova in the days leading up to the sale. In short, the confidential informant was present and played an integral part in each of the transactions leading to Mr. Casanova's arrest and the informant is necessary to explain each and every event which forms the basis of the Government's case against Mr. Casanova.

6. A court is obligated to disclose a confidential informant whenever the informant could be relevant and helpful to the defense of the accused. Disclosure is required in those circumstances where the production of the confidential informant is essential to a fair determination of the cause. *Rovario v. United States,* 353 U.S. 53, 61-62 (1957); *United States v. Gordon,* 173 F.3d 761, 767-68 (10th Cir. 1999). In addition, Mr. Casanova contends that disclosure will be necessary in order to avoid testimonial hearsay should the Government seek to introduce tape recorded telephone calls between Mr. Casanova and the informant. Cf. *Crawford v. Washington,* 541 U.S. 36 (2004).

7. Mr. Casanova contends that the confidential informant must be disclosed because he is the only individual who can provide non-hearsay testimony about the inducements which were offered to Mr. Casanova to persuade him to introduce the informant to a methamphetamine seller. Moreover, the informant is

the only individual besides Mr. Casanova who can recount Mr. Casanova's efforts to resist, dissuade or avoid the informant and thereby establish that Mr. Casanova expressed a reluctance to participate in this endeavor which was ultimately over come by the informant's persistence.  Therefore on these facts it plainly appears that Mr. Casanova's right to prepare and present a defense following the disclosure of the confidential informant outweighs any interest in shielding the informant from the trial of this matter.  *Rovario,* 353 U.S. at 62; *U.S. v. Sinclair,* 109 F.3d 127, 1538 (10th Cir. 1997).

8.     Mr. Casanova has been unable to locate or identify the confidential informant.  Therefore, he respectfully requests that this Court order the Government to disclose the name and address of the informant at least thirty days before trial.  *U.S. v. Muse,* 708 F.2d 513 (10th Cir. 1983); *U.S. v. Leahy,,* 47 F.3d 396, 398 (10th Cir. 1995).

9.     In addition, on information and belief, counsel for Mr. Casanova avers that the informant may have been able to achieve a favorable disposition of pending criminal charges as a result of his cooperation with the ATF, and he may have been paid money for his services and, most troubling, he may continue to commit a variety of property crimes with impunity, all as a result of his cooperation with this traveling Enhanced Enforcement Initiative.  If these types of consideration have been provided to the informant for his services, those facts are

highly relevant and admissible in evaluating the informant's motives and credibility in this case and therefore the information should be disclosed, irrespective of the disclosure of the identity of the informant.

10. Information about financial payments made to an informant (or any other valuable consideration offered for the informant's help) the prior criminal record of the confidential informant, evidence of prior false statements by the informant and any evidence of a narcotic drug habit or a present or prior psychiatric or psychological disorder must be disclosed to Mr. Casanova by the Government in order to discharge its obligation to provide the defense with any material exculpatory evidence or impeachment evidence. *Brady v. Maryland,* 373 U.S. 83 (1963); *Giglio v. U.S.* 405 U.S. 150 (1972); *U.S. v. Bagley,* 43 U.S. 67 (1985). The Government's *Brady* obligation extends to information in the possession of any government agent. *Kyles v. Whitley,* 514 U.S. 419 (1995). Therefore, disclosure of this material, exculpatory evidence or impeachment information is essential to safeguard Mr. Casanova's Sixth Amendment rights by protecting his right to compulsory process, to confront and cross examine the witnesses against him and to present a defense. *Washington v. Texas,* 388 U.S. 14 (1967); *Davis v. Alaska,* 415 U.S. 308 (1974).

11. Assistant United States Attorney Samuel A. Hurtado, counsel of record for the United States, has been informed of this Motion to Disclose the

Confidential Informant and Mr. Hurtado represents that the Government opposes the Motion.

WHEREFORE, for all of the foregoing reasons, Defendant Yusef Casanova respectfully requests that this Honorable Court enter an Order directing the Government to disclose the identity of the confidential informant at least 30 days before the trial of this case and also Order the Government to disclose any material, exculpatory *Brady* information or impeachment information surrounding the informant.

                Respectfully Submitted,

                /s/ *Brian A. Pori* filed electronically 2/9/17
                      Brian A. Pori
                      Assistant Federal Public Defender
                      111 Lomas Blvd NW, Suite 501
                      Albuquerque, N.M. 87102-2373
                      (505) 346-2489 [telephone]

                Counsel for Yusef Casanova

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February, 2017, I filed the foregoing Defendant's Opposed Motion to Disclose the Confidential Informant electronically through the CM/ECF system, which caused a copy of the pleading to be served electronically on opposing counsel of record addressed as follows:

Samuel A. Hurtado, Esq.
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103

                                                /s/ *Brian Pori* filed electronically 2/9/17
                                                Brian A. Pori