UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                                                                   No. CR 16-2917 JAP

**YUSEF CASANOVA,**

    Defendant.

## ORDER GRANTING DISCOVERY

In DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF INFORMATION (Doc. No. 29) (Motion), Defendant asks the Court to order discovery in support of his selective enforcement claim. The Motion is fully briefed. *See* UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF INFORMATION (Doc. No. 31); DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO THE MOTION TO COMPEL DISCLOSURE OF INFORMATION (Doc. No. 41).

As a result of an investigative operation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), Defendant was arrested and charged with distribution of methamphetamine, felon in possession of a firearm and ammunition, and felon in possession of an unregistered firearm. He alleges that he was unfairly targeted because he is African-American. To prove a claim of selective enforcement, Defendant will be required to show that the investigation "had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 465 (1996). At the discovery stage, Defendant must provide "some evidence tending to show the existence of the essential elements

of the defense, discriminatory effect and discriminatory intent." *Id.* at 468. Meeting this threshold requires "a credible showing of different treatment of similarly situated persons" which must include "some evidence that similarly situated defendants of other races could have been [arrested], but were not." *Id.* at 469–70; *see United States v. James*, 257 F.3d 1173, 1179 (10th Cir. 2001).

Individuals are similarly situated when there are no legitimate distinguishing factors that could justify a difference in the enforcement decisions. *United States v. DeChristopher*, 695 F.3d 1082, 1097 (10th Cir. 2012). Defendant "may satisfy the 'credible showing' requirement by identifying a similarly-situated individual or through the use of statistical evidence." *James*, 257 F.3d at 1179. "Statistical evidence can be used to show both discriminatory effect and discriminatory purpose." *Blackwell v. Strain*, 496 F. App'x 836, 840 (10th Cir. 2012). But "proffered statistics must address the critical issue of whether [the] particular group was treated differently than a similarly-situated group." *United States v. Alabi*, 597 F. App'x 991, 996 (10th Cir. 2015). "[S]tatistical evidence in selective-enforcement cases must include (1) reliable demographic information, (2) some manner of determining whether the data represents similarly situated individuals, and (3) information about the actual rate of occurrence of the suspected crime across relevant racial groups." *Alabi*, 597 F. App'x at 997.

Defendant has presented statistical evidence demonstrating that twenty-six percent of the defendants arrested as result of this ATF operation were African-Americans, although African-Americans represent only 3.4 percent of the population in Albuquerque and, in the District of New Mexico, generally comprise approximately 5.4 percent of the defendants in drug cases and 5.9 percent of the defendants in firearms cases. Additionally, Defendant notes that his methamphetamine supplier, who is white, was allowed to leave the scene of the crime, whereas

Defendant was arrested. Defendant asserts that ATF's failure to arrest the white supplier demonstrates differential treatment of similarly-situated persons. Defendant further alleges that ATF's focus on neighborhoods with a predominantly minority population, use of primarily African-American confidential informants (CIs), and targeting of African-American neighborhood contacts together support an inference of discriminatory intent.

    At the April 5, 2017 hearing on the Motion, the United States presented testimony from the investigative agent in Defendant's case. The United States does not dispute the statistical disparities, but asserts that targets were chosen based solely on their criminal history. It argues similarly that the areas encompassed by the operation were chosen based on their number of repeat offenders and high crime rates, not on their minority populations. It denies any discriminatory intent in the selection of its CIs. Defendant has not provided evidence that the use of African-American CIs was specifically intended to implicate African-American individuals in crime, but he asserts that it was "virtually guaranteed" to do so because the CIS would tend to approach people of their own racial and ethnic backgrounds. The ATF agent conceded knowledge of theories of implicit bias, but denied any such bias within ATF. However, the ATF agent testified that no precautionary measures were taken to avoid bias in targeting contacts and CIs were given no training other than on the use of their phones. The agent explained that the supplier was not arrested and charged because ATF was unable to identify him. The supplier arrived at the transaction as a passenger in a vehicle, and although ATF obtained the license plate of the car, the picture of the registered owner did not match the appearance of the supplier. But the agent admitted that ATF did not attempt to identify the supplier by contacting the registered owner of the car in which the supplier arrived or by subpoenaing Defendant's phone records to

find a phone number for the supplier, even though a phone number database was ATF's usual method of identifying prospective targets.

      Defendant need not establish a prima facie case to establish his entitlement to discovery. *James*, 257 F.3d at 1178. The Court finds that the statistical evidence provided by Defendant constitutes reliable demographic information demonstrating that the operation resulted in a much higher percentage of African-American defendants than the usual rate of occurrence, in the District of New Mexico, of drug and firearm arrests among that group. The Court further finds that the methods used by ATF in conducting this operation were likely to lead to a higher percentage of minority defendants, but that ATF declined to make use of any policies or training designed to counteract that effect. Finally, the Court finds that ATF did not pursue all reasonable avenues in its attempts to identify the white supplier of the methamphetamine for which Defendant was arrested. Consequently, the Court concludes that Defendant has presented "some evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent," *Armstrong*, 517 U.S. at 468, and is entitled to discovery. However, the Court also finds that the scope of Defendant's request is broader than necessary, and will limit the information that must be disclosed unless the parties are able to reach agreement on the appropriate scope.

      IT IS THEREFORE ORDERED that:

      (1) DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF INFORMATION (Doc. No. 29) is GRANTED as to some discovery requests.

(2) The parties are directed to discuss which discovery items may be disclosed by agreement, and are to report to the Court by June 20, 2017 if disputes remain.

_____
SENIOR UNITED STATES DISTRICT JUDGE